IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00795-DDD-NRN

JEFFREY DOUGLAS WOOD,

Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, et al.,
Defendants.

_____

PLAINTIFF'S MOTION TO LIFT STAY OF DISCOVERY AND ISSUE REVISED
SCHEDULING ORDER
_____

Plaintiff, by his undersigned attorney, hereby moves for an Order Lifting the Stay of Discovery issued on December 9, 2019 (Dkt. No. 48), and the issuance of a new scheduling order.

**CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR. 7.1(a)**

Undersigned counsel, Nathan Davidovich certifies that he conferred with Attorneys Jeremy P. Blumenfeld and Abbey M. Glenn, of Morgan, Lewis & Bockius LLP, who represent Defendants, regarding this Motion and have been authorized to represent to the Court that Defendants object to the relief requested.

As grounds for this Motion, Plaintiff states as follows:

**I.      Background**

1.      Plaintiff filed his complaint against Defendants on March 18, 2019 (Dkt. 1), claiming ERISA violations under 29 U.S.C. §1132(1)(B), 29 U.S.C. §1140, Wrongful Discharge, Breach of Contract, Intentional Infliction of Emotional Harm, and Wage Claim Pursuant to C.R.S. 8-4-101.

2. Defendants filed a Motion to Dismiss on May 24, 2019 (Dkt. No. 20), Plaintiff filed his Response thereto on July 1, 2019 (Dkt. 35), and Defendants filed their Reply on July 29, 2019 (Dkt. No. 38). The Motion to Dismiss has not yet been ruled on.

3. On December 8, 2019, the parties hereto filed a Joint Motion to Stay Discovery pending a ruling on Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 46). On December 9, 2019, Magistrate Neuriter granted the Motion and ordered that within seven days of resolution of the Motion to Dismiss, if the Motion is denied, the parties shall contact the Court to set another scheduling conference. As of the date of filing this Motion to Lift Stay, the Motion to Dismiss has still not been ruled upon.

3. Due to the passage of time since Plaintiff agreed to join the request for a stay of discovery, there is a concern that memories may fade, and necessary documents might not be located. Therefore, it is Plaintiff's desire to have the stay of discovery lifted, and for the Court to enter a new scheduling order, so that the case might proceed without further negatively impacting Plaintiff's right to timely resolution of his claims.

**II. Argument**

While generally, "a stay of all discovery is generally disfavored in this District"[1], the concerns expressed by the parties hereto in their Joint Motion to Stay Discovery were sufficient to result in the Magistrate departing from the general policy, based upon his analysis of the necessary factors toward granting or not granting a stay, and thus the stay of discovery was entered. In retrospect, had Plaintiff imagined that it would take longer than three years to decide a motion to dismiss, Plaintiff would never have filed nor agreed to such a stay.

---

[1] *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

The Tenth Circuit notes that determining whether a stay is appropriate in such situations calls for "balancing the competing interests on both sides." *Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Moreover, "[t]he underlying principle clearly is that the right to proceed in court should not be denied except under the most extreme circumstances." *Id*. at 1484 (quotes omitted).

As Magistrate Judge Boland stated in *Agile Sky Alliance Fund LP v. Citizens Financial Group*, Civil Action No. 09-cv-02786-MSK-BNB (D. Colo. May. 5, 2010),

> Motions to dismiss usually take months to decide. Consequently, staying discovery while the defendants' motions are pending could substantially delay the ultimate resolution of the case, with injurious consequences. In particular:
>
> > Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> >
> > * * *
> >
> > In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Citing, Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In analyzing whether or not to lift the stay of discovery, Magistrate Judge Boland applied the following five factors from *String Cheese Incident, LLC v. Stylus Shows, Inc*., 2006 WL 894955 (D. Colo. March 30, 2006), which have been universally recognized as being critical to a proper balancing of the competing interests at stake:

(1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay;

(2) the burden on the defendants;

(3) the convenience to the court;

(4) the interests of persons not parties to the civil litigation; and,

(5) the public interest.

Those factors have been subsequently applied in cases arising in this District. See, for example, *Fid. Nat'l Title Ins. Co. v. Pitkin Cnty. Title, Inc.*, Civil Action No. 12-cv-03077-RM-KLM (D. Colo. Oct. 1, 2014); *Owners Ins. Co. v. 11380 E. Smith Rd., LLC*, Civil Action 17-cv-00346-PAB-MEH (D. Colo. Nov. 30, 2021); and, *Garcia v. State Farm Mut. Fire & Cas. Co.*, Civil Action 20-cv-02480-PAB-MEH (D. Colo. Sep. 27, 2021).

Applying those factors to this case, Plaintiff submits that the appropriate analysis is as follows:

With respect, to the first factor, Plaintiff believes the passage of time has made commencement of discovery in this case necessary because of his interest in proceeding expeditiously and to avoid prejudice. The pending motion that was the basis for the stay of discovery in this case has now been briefed for over three years. The potential prejudice to Plaintiff is significant and growing. The country is entering the third year of an unpredictable pandemic, and it is impossible to know how witnesses will be affected by it. There is also a substantial risk that witnesses' memories have already faded, and will fade further, if discovery is further delayed.

As to the second factor, Defendants cannot show the "most extreme circumstances" that would justify further delay in proceeding with discovery (see *Commodity Futures Trading Com.*, 713 F.2d at 1484, *supra*, and, *JTS Choice Enters., Inc. v. E.I. Dupont De Nemours & Co.*, Civil Action No. 11-cv-03143-WJM-KMT (D. Colo. Feb. 29, 2012. Any burden on Defendants is countered by Plaintiff's interest in proceeding with this litigation.

The lifting of the stay of discovery will not inconvenience the Court as suggested by the

4

third factor. It would seem, as a general principle, that convenience to the Court weighs in favor of lifting this stay, so that cases do not linger on the Court's docket any longer than necessary.

With regard to the fourth factor, there has been no suggestion that the interest of persons not parties to this litigation will be in any way affected.

Finally, the public has an inherent right and interest in the proper functioning of our legal system, and the efficient use of public resources, including court resources.

### III. CONCLUSION

Although there could be some inconvenience to the Court – if for example it were called upon to resolve discovery disputes that would not exist were the motions to dismiss resolved unfavorably to Plaintiff – on balance, the potential for prejudice to Plaintiff outweighs the potential for harm to Defendants or the Court. Plaintiff's ability to prosecute his case may well be adversely affected as further delay may result in the inaccessibility of relevant evidence and testimony. Discovery should therefore be permitted to proceed in this case, and a new scheduling order should be entered.

Dated this 22nd day of August 2022.

Respectfully submitted.

        s/ Nathan Davidovich
        DAVIDOVICH LAW FIRM, LLC
        501 S. Cherry Street
        Suite 1100
        Denver, CO 80246-1325
        Telephone: (303) 825-5529
        Fax: 720-409-3668
        Email: nathandavidovich@talk-law.com

        ATTORNEYS FOR PLAINTIFF

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

        s/Nathan Davidovich

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 22nd day of August 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following e-mail addresses:

jeremy.blumenfeld@morganlewis.com
abbey.glenn@morganlewis.com

/s/ Nathan Davidovich